NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE CHICCO USA, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 977

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Pennsylvania in case no. 10-CV-740, Judge Lawrence F. Stengel.

---

## ON PETITION

---

Before RADER, *Chief Judge*, LOURIE and O'MALLEY, *Circuit Judges.*

RADER, *Chief Judge.*

### ORDER

Chicco USA, Inc. petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Pennsylvania to vacate its order staying proceedings pending reexamination of certain claims of the patent at issue. Sunshine Kids Juvenile Products, LLC opposes. Chicco replies.

On February 19, 2010, Chicco filed a complaint with the United States District Court for the Eastern District of Pennsylvania alleging that Sunshine infringed one of its patents. During discovery and prior to any claim construction hearing, Sunshine filed a motion to stay district court proceedings pending reexamination of some of the claims at issue. On October 7, 2010, before Chicco responded to the motion, the district court granted Sunshine's motion, stating that no party would be prejudiced by the stay. Subsequently, Chicco filed a motion to lift the stay on October 29, 2010, and a renewed motion to lift the stay on November 15, 2010. The district court has not yet ruled on those motions.

Chicco petitions for a writ of mandamus to direct the district court to vacate its October 7, 2010 stay order. Chicco asserts that the district court clearly abused its discretion by failing to allow Chicco to respond to Sunshine's stay motion and by failing to provide adequate reasons for granting the stay. Chicco further asserts that it will be prejudiced and irreparably harmed by the stay because Chicco will continue to lose market share to Sunshine.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

Chicco has not, in the papers submitted to this court, met the exacting standard required for mandamus with

regard to the district court's October 7, 2010 stay order. We note, however, that the court's failure to provide any explanation for granting the stay, despite the fact that not all of the claims in suit are in reexamination, and long delay in ruling on Chicco's motions to lift the stay might tip the balance in favor of mandamus relief upon reapplication in the future. We assume, however, that the court will soon address the pending motions and then provide an adequate explanation for its decision to keep a stay in place in these circumstances.

Accordingly,

IT IS ORDERED THAT:

Chicco's petition for a writ of mandamus is denied without prejudice to renewal, either following the district court's disposition of the motions to lift the stay, or upon further inaction in connection with those motions.

FOR THE COURT

JUL 12 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Anthony S. Volpe, Esq.
     Jonathan Saul Franklin, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 12 2011

JAN HORBALY
CLERK